ANDREWS, Judge.
This is an appeal by the petitioners, Frederick L. Elder, et al., from a final judgment denying their petition for writ of mandamus to require respondent, City of Lighthouse Point, to conduct a referendum on the adoption of a zoning ordinance.
The city commission adopted a comprehensive zoning ordinance replacing a previously existing comprehensive zoning ordinance. The first reading of the proposed ordinance was on May 5, 1964. Subsequent to the first reading of the ordinance the petitioners began to circulate a referendum petition containing a copy of the proposed ordinance as passed at the first meeting. The petition also contained a provision that it was intended to include the proposed ordinance as well as any other modification, change, or amendments thereof on later readings and as finally enacted. The number of signatures on the petition was sufficient to cause submission of the ordinance to referendum under the municipal charter.
The third and final reading and adoption of the ordinance was on May 26, 1964. All of the signatures on the petition for referendum were placed there prior to the final reading and adoption of the ordinance after, several changes had been made therein subsequent to the first and second readings. The city commission declared the referendum petition invalid and refused to certify the petition for referendum election.
On June 24, 1964, twenty-four registered electors commenced proceedings in the circuit court by filing a petition for an alternative writ of mandamus to require the *824 city commission to certify the petition for referendum and submit the new ordinance to public vote. A trial was held on an amended petition for alternative writ, and final judgment was entered against the petitioners and in favor of the city.
The charter grants the city commission power, including the legislative power to adopt ordinances. Proposed ordinances shall be introduced in writing and shall be read at three consecutive meetings of the commission by title only. It is also required that a public hearing at one of said meetings shall be held and that such ordinance shall become effective only after the expiration of fifteen days from the time of its passage. Laws of Florida, Special Acts 57-1534, Article II, Section 2(1).
The Special Act, supra, also provides for initiative by the registered electors for the adoption of ordinances, Article II, Section 2(q), and for referendum, Article II, Section 2(r). The provision for referendum provides that any ordinance shall be reconsidered and repealed within thirty days or submitted to the people for referendum if 15% of the registered electors by petition to the city commission request repeal of such ordinance before it takes effect.
Under the referendum provision of the Special Act, supra, the registered electors in signing a petition could only execute a valid petition to repeal an ordinance which had already been adopted. The petition for referendum as submitted to the commission is not sufficient to require reconsideration, repeal or referendum inasmuch as it was directed to a proposed ordinance and not to the ordinance which was actually adopted. The language of Article II, Section 2(r), supra, is plain, unambiguous and conveys a clear and definite meaning. A referendum petition directed to a proposed ordinance to require a referendum on the ordinance as adopted is not valid merely because there is nothing in the charter prohibiting such procedure. Van Pelt v. Hilliard, 1918, 75 Fla. 792, 78 So. 693, L.R.A.1918E, 639.
All other issues raised on appeal have been considered, and in view of the holding herein no discussion thereof is deemed necessary.
Affirmed.
SMITH, C. J., and WALDEN, J., concur.